```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


CEDRIC-MCBRIDE BYRD,            §
                                §
     Plaintiff,                 §
                                §
v.                              §   Civil Action No. H-14-553
                                §
JULIE BOOTH, et al.,            §
                                §
     Defendants.                §
```

**MEMORANDUM AND RECOMMENDATION**

On December 30, 2013, Plaintiff filed this suit in state court as "Cedric-McBride: Byrd, by Special Appearance, in propria persona."[1] In the petition, he avers that Defendant Quicken Loans ("Quicken") is the mortgage servicer and "alleged lender" on his home mortgage.[2] Plaintiff complains that, on May 30, 2013, he sent a "coupon" to Quicken, along with an explanatory letter that he was submitting the "coupon" in settlement of the full loan balance.[3] The letter further stated that by endorsing the "coupon," or failing to return the "coupon," Quicken was discharging his obligations under the note.[4] According to Plaintiff, Quicken

---

[1] Doc. 1-4, Compl. & Mot. for Subpoena Duces Tecum p. 1. The court has seen this type of punctuation in a case name before. In Marilyn Kay: Jones v. United States, H-97-4096, Jones opposed the imposition of federal income tax on the grounds that she was an intrastate resident of Texas and that the United States, a foreign principal, could not tax her income. See Marilyn Kay: Jones v. United States, H-97-4096, Doc. 1, Compl. for Perm. Inj. p. 3.

[2] Doc. 1-4, Compl. & Mot. for Subpoena Duces Tecum p. 2.

[3] Id. p. 3.

[4] Id. It is unclear, but the documents attached to the complaint suggest that Plaintiff submitted a document appearing to be non-negotiable check for $932.26 in an attempt to satisfy the loan balance of $121,301.37. See id.

failed to respond within the time specified in Plaintiff's letter.[5]

Plaintiff complains that Quicken's failure to return the "coupon" constituted a breach of contract that voided his obligation to pay his mortgage.[6] Plaintiff argues that Quicken obtained his signature through false pretenses as it has provided him no proof that it funded the loan.[7] He also complains that Quicken violated the Truth in Lending Act, 15 U.S.C. § 1601, et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.[8] Defendants removed the action on March 6, 2014, pursuant to 28 U.S.C. §§ 1331 and 1441.[9]

On April 30, 2014, the court attempted to hold a Rule 16 conference in this action. Defendants' counsel was present, however Plaintiff refused to step inside the bar unless the court acknowledged that by doing so, he was not waiving any rights or defenses. Plaintiff explained that he was presently standing in "international territory" and it was against his spiritual beliefs

---

pp. 12-15. Attached to Plaintiff's amended complaint is a July 11, 2013 letter from Quicken stating that the last payment it received was on April 6, 2013, and noting that it had not received Plaintiff's May 1 payment. See Doc. 7-1, Pl.'s Am. Comp. p. 27.

[5] Doc. 1-4, Compl. & Mot. for Subpoena Duces Tecum p. 4.

[6] Id. p. 8.

[7] Id.

[8] Id. pp. 8, 10. Plaintiff made other claims that need not be outlined herein.

[9] Doc. 1, Notice of Removal p. 1.

to waive any of his rights or defenses. Plaintiff also stated that, while the court had subject matter jurisdiction over this suit, it did not have personal jurisdiction over him.

The court refused Plaintiff's demand, explaining that it would not accept conditions on his appearance in court. When Plaintiff persisted, the court informed him that if that was his position, the hearing was over. Plaintiff continued to argue that he had rights as the court left the bench. The undersigned has learned that after she left the bench, Plaintiff became disruptive and had to be escorted from the courtroom and the courthouse by court security officers. At that time, he instructed the court security officers to address him as "King," and his wife as "Princess."

The court has both personal and subject matter jurisdiction over the parties and their claims as this is a case properly removed pursuant to 28 U.S.C. § 1441(a). A federal court has the inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995)(citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). Although pro se pleadings are liberally construed, a court may dismiss an action if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Of concern here is Plaintiff's avowed belief that the court

lacks jurisdiction over his person.  He cannot invoke the court's jurisdiction on one hand and not be subject to it on the other.  The court has no intention of negotiating the conditions under which Plaintiff appears in court and will not consider the merits of Plaintiff's claims if he believes that he is not subject to the court's jurisdiction.  Plaintiff is not free to create his own rules and, like all litigants, must abide by the rules and rulings of the court.  Plaintiff's belief that he is in "international territory" when he stands outside the bar but loses rights when he moves inside the bar is wholly frivolous.

It is therefore **RECOMMENDED** that this action be **DISMISSED** unless Plaintiff acknowledges, in writing, within fourteen days of receipt of this recommendation: (1) that he is no longer making a "special appearance;" and (2) that he is subject to the court's personal jurisdiction for all purposes.  Plaintiff must make these required representations in an unqualified individual capacity and not in a representative capacity.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 2nd day of May, 2014.

Nancy K. Johnson
United States Magistrate Judge