IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CEDRIC-MCBRIDE BYRD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-553 |
| | § | |
| JULIE BOOTH, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM & RECOMMENDATION**

Pending before the court is the Magistrate Judge's Memorandum & Recommendation (Dkt. 12) recommending dismissal of this action. Having reviewed the Memorandum & Recommendation, the record, and the applicable law, the court **ADOPTS** the Magistrate Judge's Memorandum & Recommendation.[1] This case is **DISMISSED WITHOUT PREJUDICE**.

The Magistrate Judge set a Rule 16 conference for this case to occur on April 30, 2014. Dkt. 4. On that date, defendants' counsel was present and ready to proceed, but plaintiff Cedric-McBride Byrd ("Byrd") refused to step inside the bar unless the court affirmatively stated that by doing so he would not waive any rights or defenses. *See* Dkt. 12 at 2. Byrd explained that he had entered "international territory" and it was against his spiritual beliefs to waive any rights or defenses. *Id.* at 2–3. Byrd also acknowledged that while the court had subject-matter jurisdiction over his case, the court lacked any jurisdiction over his person. *Id.* at 3. The Magistrate Judge refused to accept Byrd's conditions on appearance, and she ended the hearing. *Id.* After the Magistrate Judge left her courtroom, Byrd became disruptive and was escorted from the premises by court security officers. *Id.* Byrd instructed the officers to address him as "King," and his wife as "Princess." *Id.*

---

[1] The plaintiff did not object to the Magistrate Judge's Memorandum & Recommendation, and the court treats it as unopposed. *See* S.D. TEX. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition.").

The Magistrate Judge recommends that this court dismiss Byrd's case for want of prosecution unless Byrd "acknowledges, in writing, within fourteen days of receipt of this recommendation: (1) that he is no longer making a 'special appearance'; and (2) that he is subject to the court's personal jurisdiction for all purposes." *Id.* at 4. The Magistrate Judge issued this order to prevent Byrd from invoking the court's jurisdiction over this suit while concurrently denying he is subject to the tribunal's rules and orders. *Id.* To date Byrd has not responded to the order and recommendation.

It is axiomatic that by filing his petition in state court, Byrd submitted himself to the state court's subject-matter and personal jurisdiction. After removal, Byrd objected to the federal court's personal jurisdiction, *see* Dkt. 5, but he amended his complaint on April 22, 2014. Dkt. 7. At the very least this conduct waived any objection Byrd may have had on personal jurisdictional grounds. *See In re Moore*, 209 U.S. 490, 496, 28 S. Ct. 585 (1908) (a non-removing party acquiesces to federal jurisdiction upon amending his complaint), *overruled in part on other grounds*, *Ex parte Harding*, 219 U.S. 363, 31 S. Ct. 324 (1911); *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989). Byrd is subject to this court's jurisdiction, and he cannot capriciously reject the court's authority on a whim. *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) ("[P]laintiffs cannot voluntarily invoke, and then disavow, federal jurisdiction."). Byrd's failure to acknowledge the court's jurisdiction over his person and proceed properly subjects his suit to dismissal for want of prosecution.

The Magistrate Judge's Memorandum and Recommendation (Dkt. 12) is therefore **ADOPTED**, and this case is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

Signed at Houston, Texas on May 27, 2014.

_____
Gray H. Miller
United States District Judge